ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                     :

UNITED STATES OF AMERICA   :

                     :

       - v. -         :     **INDICTMENT**

                     :

DANIEL DELVALLE,              S2 12 Cr. 732 (WHP)
    a/k/a "BD,"         :
ROBERT CALVENTE,
    a/k/a "Rob,"        :
ANGEL CONCEPCION,
    a/k/a "Cito,"       :
    a/k/a "Sepa,"
LEON SANTIAGO,           :
    a/k/a "Yuko,"
RITCHIE SANTIAGO,       :
    a/k/a "Ritchie,"
SAMUEL TORRES,           :
    a/k/a "Blam,"
NELSON TORRES,           :
    a/k/a "Lucci," and
PAUL COLON,              :
    a/k/a "Pauly,"
                     :

       Defendants.
                     :

- - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/13

## COUNT ONE

The Grand Jury charges:

    1.   From at least in or about 2006, up to and including in or about 2012, in the Southern District of New York and elsewhere, DANIEL DELVALLE, a/k/a "BD," ROBERT CALVENTE, a/k/a "Rob," ANGEL CONCEPCION, a/k/a "Cito," a/k/a "Sepa," LEON SANTIAGO, a/k/a "Yuko," RITCHIE SANTIAGO, a/k/a "Ritchie," SAMUEL TORRES, a/k/a "Blam," NELSON TORRES, a/k/a "Lucci," and

PAUL COLON, a/k/a "Pauly," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that DANIEL DELVALLE, a/k/a "BD," ROBERT CALVENTE, a/k/a "Rob," ANGEL CONCEPCION, a/k/a "Cito," a/k/a "Sepa," LEON SANTIAGO, a/k/a "Yuko," RITCHIE SANTIAGO, a/k/a "Ritchie," SAMUEL TORRES, a/k/a "Blam," NELSON TORRES, a/k/a "Lucci," and PAUL COLON, a/k/a "Pauly," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

3.   The controlled substances involved in the offense were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. § 841(b)(1)(A); (2) mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C); and (3) Oxycodone, a Schedule II controlled substance, in violation of  21 U.S.C. § 841(b)(1)(C).

## OVERT ACTS

4.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among

others, were committed in the Southern District of New York and elsewhere:

        a.    On or about May 22, 2012, DANIEL DELVALLE, a/k/a "BD," and ROBERT CALVENTE, a/k/a "Rob," the defendants, possessed approximately 102 grams of crack cocaine, 28 grams of cocaine, 955 Oxycodone pills and 2 grams of marijuana, in Rockland County, New York.

        b.    On or about December 20, 2011, ANGEL CONCEPCION, a/k/a "Cito," a/k/a "Sepa," and RITCHIE SANTIAGO, a/k/a "Ritchie," the defendants, possessed crack cocaine in the vicinity of Saint Ann's Avenue and East 149th Street, in the Bronx, New York.

        c.    On or about December 29, 2010, RITCHIE SANTIAGO transported oxycodone from the Bronx, New York to Vermont.

        d.    On or about December 13, 2010, LEON SANTIAGO, a/k/a "Yuko," the defendant, and ANGEL CONCEPCION transported crack cocaine from the Bronx, New York to Vermont.

        e.    On or about October 28, 2010, PAUL COLON, a/k/a "Pauly," the defendant, possessed crack cocaine in the vicinity of 665 Westchester Avenue, in the Bronx, New York.

        f.    On or about July 11, 2010, ROBERT CALVENTE possessed a loaded .38 caliber handgun.

g.    On or about March 5, 2010, LEON SANTIAGO sold a quantity of crack cocaine to an undercover officer in the vicinity of 525 Jackson Avenue, in the Bronx, New York.

h.    On or about November 21, 2009, DANIEL DELVALLE possessed crack cocaine in the Bronx, New York.

i.    On or about August 25, 2007, PAUL COLON sold a quantity of crack cocaine to an undercover officer in the vicinity of Westchester Avenue and Trinity Avenue, in the Bronx, New York.

j.    On or about January 19, 2007, ANGEL CONCEPCION, SAMUEL TORRES, a/k/a "Blam," NELSON TORRES, a/k/a "Lucci," and PAUL COLON, the defendants, possessed a firearm and crack cocaine in the vicinity of 595 Trinity Avenue, in the Bronx, New York.

k.    On or about January 10, 2007, SAMUEL TORRES possessed crack cocaine in the vicinity of 726 East 152nd Street, in the Bronx, New York.

l.    On or about May 6, 2006, NELSON TORRES sold a quantity of crack cocaine to an undercover officer in the vicinity of 656 Westchester Avenue, in the Bronx, New York.

(Title 21, United States Code, Section 846)

## COUNT TWO

The Grand Jury further charges:

5.    From at least in or about 2006, up to and including in or about 2012, in the Southern District of New York and elsewhere, DANIEL DELVALLE, a/k/a "BD," ROBERT CALVENTE, a/k/a "Rob," ANGEL CONCEPCION, a/k/a "Cito," a/k/a "Sepa," LEON SANTIAGO, a/k/a "Yuko," RITCHIE SANTIAGO, a/k/a "Ritchie," SAMUEL TORRES, a/k/a "Blam," NELSON TORRES, a/k/a "Lucci," and PAUL COLON, a/k/a "Pauly," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged, to wit, DELVALLE, CALVENTE, CONCEPCION, LEON SANTIAGO, RITCHIE SANTIAGO, SAMUEL TORRES, NELSON TORRES, and COLON, the defendants, used, carried, possessed, and discharged, and aided and abetted the use, carrying, possessing and discharging of semi-automatic pistols and other firearms in the Bronx, New York.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii) and 2.)

## COUNT THREE

The Grand Jury further charges:

6.    On or about June 25, 2010, in the Southern District of New York, ROBERT CALVENTE, a/k/a "Rob," the defendant, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, in the vicinity of 674 East 149th Street, Bronx, New York, CALVENTE, and others known and unknown, shot and killed Kenya Miller, a rival drug dealer.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT FOUR

The Grand Jury further charges:

7.    On or about June 25, 2010, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Indictment, ROBERT CALVENTE, a/k/a "Rob," the defendant, and

6

others known and unknown, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Kenya Miller in the vicinity of 674 East 149th Street, Bronx, New York.

> (Title 21, United States Code, Section 848(e)(1)(A); and
> Title 18, United States Code, Section 2.)

## SPECIAL FINDINGS AS TO ROBERT CALVENTE, a/k/a "Rob,"

8.   As to Counts Three and Four of the Indictment, alleging the murder of Kenya Miller, in connection with a drug trafficking crime, ROBERT CALVENTE, a/k/a "Rob," the defendant:

a.   was 18 years of age or older at the time of the offense;

b.   intentionally killed Kenya Miller (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the death of Kenya Miller (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Kenya Miller died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

7

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Kenya Miller died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

f. committed the offense after substantial planning and premeditation to cause the death of Kenya Miller (Title 18, United States Code, Section 3592(c)(9)).

## FORFEITURE ALLEGATIONS

9. As a result of committing the controlled substance offense alleged in Count One of this Indictment, DANIEL DELVALLE, a/k/a "BD," ROBERT CALVENTE, a/k/a "Rob," ANGEL CONCEPCION, a/k/a "Cito," a/k/a "Sepa," LEON SANTIAGO, a/k/a "Yuko," RITCHIE SANTIAGO, a/k/a "Ritchie," SAMUEL TORRES, a/k/a "Blam," NELSON TORRES, a/k/a "Lucci," and PAUL COLON, a/k/a "Pauly," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

10.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

DANIEL DELVALLE, a/k/a "BD,"
ROBERT CALVENTE, a/k/a "Rob,"
ANGEL CONCEPCION, a/k/a "Cito,"
a/k/a "Sepa,"
LEON SANTIAGO, a/k/a "Yuko,"
RITCHIE SANTIAGO, a/k/a "Ritchie,"
SAMUEL TORRES, a/k/a "Blam,"
NELSON TORRES, a/k/a "Lucci,"
PAUL COLON, a/k/a "Pauly,"

Defendants.

### INDICTMENT

S2 12 Cr. 732 (WHP)

(21 U.S.C. §§ 841, 846, 848(e) and
853 and 18 U.S.C. §§ 924(c), 924(j)
and 2.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____ Foreperson.

February 7, 2013

Filed Sealed Second superseding Indictment

Debra Freeman, U.S.M.J