UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>DANIEL DELVALLE, et al.,    )<br>)<br>Defendants.    )<br>) | No. 12-cr-732 (WHP) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL DELVALLE'S MOTION FOR A BILL OF PARTICULARS

Defendant Daniel Delvalle ("Mr. Delvalle") is charged in the two count superseding Indictment (S3), dated March 12, 2013 (the "Indictment"), with conspiracy to possess and distribute narcotics, in violation of 21 U.S.C. § 841(a)(1), and possession and discharge of a firearm in furtherance of the charged conspiracy, in violation of 18 U.S.C. § 924(c). In order to obtain sufficient particularity on the nature of the charges pending against him to effectively prepare his defense, Mr. Delvalle moves this Court pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States for an order directing the Government to provide a bill of particulars. Mr. Delvalle also joins the motions brought by co-defendants, to the extent applicable to him, and reserves his right to supplement this motion, bring additional pre-trial motions as deemed necessary by that discovery, and/or seek to preclude introduction of those materials or information at trial.

## Argument

### I. Mr. Delvalle's Motion for a Bill of Particulars

A bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure is proper to allow a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Although the Government "need not particularize all of its evidence" related to a charged conspiracy, this Court has discretion to order a bill of particulars to allow the defendant to adequately prepare to realistically meet the specific charges against him. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (reversing denial of motion for bill of particulars where the Government alleged a broad seven year RICO conspiracy). In assessing the need for a bill of particulars, this Court "must examine the totality of the information available to the defendant – through the indictment, affirmations, and general pre-trial discovery – and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

Mr. Delvalle's Motion for a Bill of Particulars requests additional information that will enable him to defend himself against a broad conspiracy charge. The Indictment charges Mr. Delvalle and seven other defendants with participation in a broad multistate conspiracy to distribute crack, cocaine, and Oxycodone in violation of 21 U.S.C. §§ 841(a)(1). Indictment ¶¶ 2–3. This charged conspiracy is alleged to have lasted from at least 2006 to 2012. *Id.* ¶ 1. During this period of six or more years, however, Mr. Delvalle is charged with only two overt acts in furtherance of the alleged conspiracy, neither of which was alleged to have occurred during or

close to 2006. The first is an alleged possession of narcotics in 2009, and the second, another alleged possession of narcotics occurring more than three years later, in 2012. *Id.* ¶ 4. The discovery provided by the Government to date pursuant to Rule 16 of the Federal Rules of Criminal Procedure does not provide details of any additional instances in which Mr. Delvalle allegedly possessed or sold narcotics within the scope of the charged conspiracy. Thus, neither the Indictment nor the discovery to date adequately informs Mr. Delvalle of the Government's theory as to when or how Mr. Delvalle allegedly joined and substantially participated in the charged drug conspiracy.

Cases in this district have held that a bill of particulars may be appropriate to provide additional details that the Government intends to prove at trial regarding the scope of a charged drug conspiracy and the defendant's alleged participation in that conspiracy. In *United States v. Kortright*, the Government similarly provided no information as to any conduct by the defendant until the middle of an alleged two-year conspiracy to distribute crack cocaine. No. 10-cr-937, 2011 WL 4406352, at *3 (S.D.N.Y. Sep. 13, 2011). Accordingly, the court directed the Government to provide a bill of particulars specifying "the approximate date and location of any meeting, conversation, or any other sort of activity, at which the Government will contend that Defendant joined the conspiracy." *Id.*

Other cases in this district have required the Government to provide even greater particularity regarding the facts that the Government intends to prove at trial regarding a charged narcotics conspiracy. In *United States v. Taylor*, the court explained that "bills of particulars have been granted to require the disclosure of all persons the Government will claim to have been co-conspirators, to the extent known, the locations of acts set forth in the indictment and the place where the offense charged occurred." 707 F. Supp. 696, 699 (S.D.N.Y. 1989) (citing *United*

3

*States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987)). The court directed the government to provide (1) "names of all persons whom the Government will claim at trial were co-conspirators," (2) "dates, to the extent known, that each of the defendants allegedly joined the conspiracy," and (3) "approximate dates and locations of any meetings or conversations at which the Government will contend that [the defendant] joined the conspiracy." *Id.* at 700.

Mr. Delvalle's Motion for a Bill of Particulars also requests that the Government provide sufficient information to allow Mr. Delvalle to defend himself against the barebones charge that he "used, carried, and discharged, and aided and abetted the use, carrying, possessing, and discharging" of firearms in furtherance of the underlying conspiracy. Indictment ¶ 5. The Indictment does not allege that Mr. Delvalle personally possessed, used, carried, or discharged a firearm or took any specific actions to aid and abet this conduct by any of his alleged co-conspirators. Likewise, none of the discovery provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure includes any allegation that Mr. Delvalle personally possessed a firearm. If the Government intends to prove at trial that Mr. Delvalle is criminally liable for this conduct, Mr. Delvalle needs additional specificity in order to prepare an adequate defense based on the Government's theory of such liability and any acts by Mr. Delvalle they intend to prove to support that theory. The Court should use its discretion to require the Government to provide Mr. Delvalle greater specificity on these allegations, in order to allow Mr. Delvalle to prepare his defense.

## II.   Joining Motions of Co-Defendants and Additional Motions

Mr. Delvalle joins any and all motions brought by his co-defendants that are applicable to him. He further reserves his right to bring additional applications in reply to the Government's response to his motions and any additional motions that he joins. Finally, to the extent that the

Government provides further discovery materials after the deadline provided by the Court at the April 5, 2013 pretrial conference, Mr. Delvalle reserves his right to supplement his Motion for a Bill of Particulars, to bring additional pre-trial motions as deemed necessary by that discovery, and/or or to preclude introduction of those materials or information at trial.

## Conclusion

For the reasons set forth above, this Court should exercise its discretion to grant Mr. Delvalle's Motion for a Bill of Particulars and require the Government to provide sufficient particularity on the nature of the charges pending against him to effectively prepare his defense.

Dated: June 19, 2013
    New York, New York

                                    Respectfully submitted,

                                    /s/ Lance Croffoot-Suede
                                    Lance R. Croffoot-Suede, Esq.
                                    Linklaters LLP
                                    1345 Avenue of the Americas
                                    New York, NY 10105
                                    (212) 903-9000
                                    (212) 903-9100 (fax)

                                    *Attorney for Defendant Daniel Delvalle*