UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,
                                                    :        S3 12 Cr. 732 (WHP)
            – v. –
                                                    :
DANIEL DELVALLE, et al.,
                                                    :
                        Defendants.
                                                    :

------------------------------------------------------------------------X


**GOVERNMENT'S OMNIBUS OPPOSITION TO THE DEFENDANTS' PRETRIAL
MOTIONS**


PREET BHARARA
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


Ryan Poscablo
Santosh Aravind
Assistant United States Attorneys
- Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,         :
                                         :       S3 12 Cr. 732 (WHP)
          – v. –               :

DANIEL DELVALLE, et al.,         :

                    Defendants.    :

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

       The Government respectfully submits this omnibus memorandum of law in opposition to the pretrial motions of defendants Daniel Delvalle, Samuel Torres, Nelson Torres, and Paul Colon (collectively, the "Moving Defendants").   The Moving Defendants seek – either substantively through their respective motions or by incorporating-by-reference the motion papers of another Moving Defendant[1]– a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.   In addition, Colon seeks suppression of certain post-arrest statements and to sever his case from charges contained in an prior Indictment which charged co-defendant Robert Calvente with participating in a homicide; Nelson Torres and Samuel Torres each seek orders dismissing Count One of the Superseding S3 Indictment as barred by the statute of limitations; and Nelson Torres seeks suppression of a statement he made to New York City Police Department ("NYPD") officials relating to a homicide.

       As set forth in more detail below, the Government respectfully submits that the motions of the Moving Defendants should be denied.

---

[1]     Defendant Leon Santiago has also moved to join the motions of his co-defendants, and to that extent is considered a "Moving Defendant" for purposes of this Opposition.

First, there is no merit to the request for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).  In the Second Circuit, disclosure of a bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific act of which he is accused.  It is not an alternative investigative tool or a device to compel disclosure of the Government's evidence prior to trial.  Here, there is no danger that any defendant will suffer unfair surprise at trial.  Putting aside the significant amount of discovery that has been produced to date, each of the Moving Defendants is named in the S3 Superseding Indictment that identifies certain overt acts committed by them and the other defendants in furtherance of the crimes charged.  Moreover, the Government has produced substantial, additional evidence that supports the crimes charged – including search warrant affidavits and arrest reports.  These additional materials provide the defendants with more than ample detail about the crimes charged.

Second, the motion by Nelson Torres and Samuel Torres to dismiss the narcotics conspiracy count because the overt acts contained therein fail to allege conduct that falls within the statute of limitations should be denied.  There is no requirement that overt acts be included as part of narcotics conspiracy, and here, the applicable Indictment charges that the conspiracy ended in or about 2012, which is well within the five-year statute of limitations.

Third, Colon's motion to sever his case from that of co-defendant Calvente should be denied.  Colon bases his severance argument on the S2 Superseding Indictment, which charges Calvente in connection with a homicide, and not the S3 Superseding Indictment, the operable charging instrument, which does not contain those charges.

Fourth, Colon's motion to suppress certain post-arrest statements should be denied

2

without a hearing because the Government does not intend to introduce any statement made by Colon before he was administered Miranda warnings, and Colon's conclusory affidavit does not raise a material disputed issue of fact to warrant an evidentiary hearing with respect to any post-Miranda statement.

Fifth, Nelson Torres' motion to suppress certain statements relating to a homicide investigation should be denied as moot because the Government does not intend to introduce those statements against Nelson Torres at trial.

## BACKGROUND

### A.    The Superseding Indictment

On or about March 12, 2013, the superseding indictment captioned as United States v. Daniel Delvalle, et al., S3 12 Cr. 732 (WHP) (the "S3 Indictment") was unsealed in this District.

The S3 Indictment charges defendants Robert Calvente, Angel Concepcion, Ritchie Santiago, and the Moving Defendants in two counts: Count One charges all eight defendants with conspiring, from at least in or about 2006, up to and including in or about 2012, to distribute and possess with intent to distribute 280 grams and more of "crack" cocaine, a quantity of cocaine, and a quantity of Oxycodone, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(C)  (See Docket Entry No. 36).  Count One of the S3 Indictment includes a recitation of twelve overt acts related, among other things, to the defendants' possession of crack cocaine, cocaine, Oxycodone, and firearms throughout the charged conspiracy.  Count Two of the S3 Indictment charges all eight defendants with possessing firearms or aiding and abetting in the possession of firearms in furtherance of the narcotics conspiracy charged in Count One.  The S3 Indictment is different from the S2 Indictment that

was unsealed on February 14, 2013, in that it does not contain any charges relating to the homicide of Kenya Miller.

### B.   Discovery

Following the return of the original Indictments and the arrest of the defendants, the Government collected and produced, on a rolling basis, Rule 16 discovery materials relevant to the charges contained in the S3 Indictment.  To date, the Government has produced Rule 16 discovery materials to counsel that includes the following: copies of search warrants for cellular telephones seized during the investigation; post-arrest statements made by certain defendants; NYPD arrest reports and vouchers relating to the narcotics and firearms seized from certain defendants; records relating to the homicide of Kenya Miller; and criminal history records for each of the defendants.

In this regard, the Government recognizes that its obligations to produce discovery are ongoing in nature, and it will continue to produce relevant documents or other items as they are provided to the Government.

## ARGUMENT

## I.   THE MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED

### A.   Applicable Law

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the Government to file a bill of particulars.  "The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense."  United States v. Mandell, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (internal

quotation marks and citation omitted); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir.

1987).  A "bill of particulars is not an investigative tool for the defendants."  United States v.

Johnson, 21 F. Supp. 2d 329, 339 (S.D.N.Y. 1998).  "A bill of particulars should be required

only where the charges of the indictment are so general that they do not advise the defendant of

the specific acts of which he is accused."  United States v. Feola, 651 F. Supp. 1068, 1132

(S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989).  "The Government may not be compelled to

provide a bill of particulars disclosing the manner in which it will attempt to prove the charges,

the precise manner in which the defendant committed the crime charged, or a preview of the

Government's evidence or legal theories."  United States v. Mitlof, 165 F. Supp. 2d 558, 569

(S.D.N.Y. 2001); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (noting that

"[a]cquisition of evidentiary detail is not the function of the bill of particulars").  Specifically,

"demands for particular information with respect to where, when, and with whom the

Government will charge the defendant with conspiring are routinely denied."  United States v.

Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001).

  "The important question is whether the information sought is *necessary*, not whether it is

helpful."  United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990) aff'd sub nom.

United States v. Skowronski, 968 F.2d 242 (2d Cir. 1992) (emphasis added).  In the context of

conspiracy allegations, "the defendant does not 'need' detailed evidence about the conspiracy in

order to prepare for trial properly.  It is well settled that defendants need not know the means by

which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which

the Government intends to adduce to prove their criminal acts."  United States v. Feola, 651 F.

Supp. at 1132.  Thus, as the Second Circuit has stated, "[t]he Government need not, when

charging conspiracy, set out with precision each and every act committed by the conspirators in the furtherance of the conspiracy." United States v. Cohen, 518 F.2d 727, 733 (2d Cir. 1975).

A bill of particulars is not required when the information the defendant seeks is provided in discovery. "If the information the defendant seeks 'is provided in the indictment or in some acceptable alternate form,' such as discovery or other correspondence, no bill of particulars is required. United States v. Binday, 908 F. Supp. 2d 485, 497 (S.D.N.Y. 2012) (citing United States v. Bortnovsky, 820 F.2d at 574).

**B.    Discussion**

With respect to the narcotics and firearm charges, the defendants request particulars as to, among other things, the date, time, and locations in which each defendant possessed or distributed narcotics, the identification of any unidentified co-conspirators, the substances each defendant conspired to possess and/or distribute, the date when each defendant allegedly joined the conspiracy, and the dates when each defendant is alleged to have possessed, brandished, or discharged a firearm and "when each defendant allegedly joined the firearm conspiracy." (Bennett Decl., Ex. B; see also Delvalle Mem. at 3). What the defense requests is precisely the type of information – here, the "wheres", "whens," and "with whoms" – that courts have held to beyond the scope of a bill of particulars. United States v. Mitlof, 165 F. Supp. 2d at 569; see also United States v. Torres, 901 F.2d at 233-34 (affirming denial of motion for bill of particulars where defendant sought date he joined conspiracy, identity of co-conspirators, and precise dates and locations of his overt acts). Courts in this district have repeatedly rejected these types of requests for bill of particulars in cases charging narcotics conspiracies and possession of firearms in furtherance of narcotics conspiracies. See, e.g., United States v. Miller, No. 12 Cr. 368

6

(PAC), 2012 WL 4791992, at *4 (S.D.N.Y. Oct. 9, 2012); United States v. Meregildo, No. 11 Cr. 576 (WHP), 2012 WL 3834732, at *5 (S.D.N.Y. Aug. 28, 2012) (denying request for bill of particulars in case involving narcotics conspiracy and 924(c) charges); United States v. English, No. S1 10 Cr. 431 (CM), 2011 WL 3366490, at *4 (S.D.N.Y. July 29, 2011).  Indeed, it is axiomatic that "disclosure of all the overt acts in furtherance of the conspiracy is not properly the function of a bill of particulars." United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (internal citation omitted).  With respect to the firearm charges, the crime alleged is simple – that during the charged narcotics conspiracy, the defendants knowingly possessed firearms, which were discharged, and there is no need for additional particulars to allow the defendants to prepare their defense, avoid unfair surprise at trial, or to preclude a second prosecution of the same offense.  United States v. Mandell, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010); see also United States v. Perryman, 881 F. Supp. 2d 427, 431 (E.D.N.Y. 2012) (denying bill of particular request in case alleging that defendant possessed guns in furtherance of other crimes) (internal citations omitted).

     The discovery in this case further undermines the necessity for a bill of particulars.  As the Second Circuit said in Bortnovsky, "[I]f the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required."  820 F.2d at 574.  The discovery produced clearly puts the defendants on notice as to the details of the narcotics conspiracy in which he participated, and under these facts, the defendant is not entitled to a bill of particulars.  See United States v. Torres, 901 F.2d at 234 (upholding district court's denial of a bill of particulars where "a wealth of evidentiary detail from the discovery to date, including electronic intercepts, search evidence and exhaustive supporting affidavits" was

supplied).  Moreover, as the Government has advised defense counsel, much of the evidence at

trial will come from witnesses who will testify that the defendants conspired with each other to

sell crack cocaine, cocaine and Oxycodone, and that the defendants kept and discharged firearms

in connection with their narcotics trafficking activities.  See United States v. Meregildo, 2012

WL 4378047, at *7 (noting that bill of particulars not warranted when Government produced

Rule 16 discovery and "will provide Jencks Act material in advance of trial as previously

ordered by this Court.")

 Finally, the cases cited by the defense are distinguishable from the instant case.  For

example, S. Torres cites two Supreme Court cases in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and

Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), two cases addressing heightened pleading

standards under the Federal Rules of Civil Procedure.  That pleading standard is completely

different from the pleading standard involving a criminal indictment which "need do little more

than to track the language of the statute charged and state the time and place (in approximate

terms) of the alleged crime."  United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing

United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992)); see also United States v. Diallo,

No. 09 Cr. 858 (SAS), 2009 WL 4277163, *2 n.10 (S.D.N.Y. Nov. 24, 2009) (addressing

Twombly and Iqbal and noting that "a civil plaintiff's burden to survive a motion to dismiss

appears to be higher than the government's burden to survive a motion to dismiss a criminal

indictment.")  Delvalle cites United States v. Kortright, No. 10 Cr. 937 (KMW), 2011 WL

4406352 (S.D.N.Y. Sept. 13, 2011), in support of his contention that he is entitled to a bill of

particulars regarding the scope of a drug conspiracy.  In Kortright, however, Judge Wood denied

the defendant's request for a bill of particulars which sought six categories of information

relating to the narcotics conspiracy, with a single exception – that the Government was directed to provide particulars with respect to conduct by the defendant prior to June 2009 because the Government had not provided any details regarding conduct by the defendant during that time period.  Id. at *3.  Here, by contrast, the Government has included overt acts in the Indictment from 2006 to 2012, and provided discovery including numerous NYPD arrest reports, that demonstrates that the defendants conspired together to distribute narcotics – and possessed firearms – throughout the alleged narcotics conspiracy.[2]

Because the S3 Indictment – coupled with the discovery provided in this case – provides sufficient details as to the charged narcotics conspiracy and the firearm charges, the motion for a bill of particulars should be rejected.

## II.   THE  MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR FAILURE TO ALLEGE ACTS WITHIN THE STATUTE OF LIMITATIONS SHOULD BE DENIED

### A.   Applicable Law

Pursuant to 18 U.S.C. § 3282(a), the prosecution of a narcotics conspiracy is barred unless the Government obtains an indictment charging the offense within five years after it was committed.  To determine whether an indictment charging a narcotics conspiracy falls within the statute of limitations period, "the conspiracy may be deemed terminated when, in a broad sense, its objectives have either been accomplished or abandoned, not when its last overt act was committed." United States v. Grammatikos, 633 F.2d 1013, 1023 (2d Cir. 1980).  In contrast to indictments charging general criminal conspiracies, those charging narcotics conspiracies are not

---

[2]     Samuel Torres also argues that the firearm charge is "vague[]" and "problematic" in light of the Supreme Court's recent decision in Alleyne v. United States, 580 U.S. __ (2013), which requires that the Government must prove as an element of the offense at trial whether a firearm was possessed, brandished, or discharged.  The Government is well aware of its obligations at trial in light of Alleyne.  The Alleyne decision has no bearing, however, on the pleading standard for 924(c) cases, or whether a bill of particulars is warranted.

required to contain allegations of overt acts.  United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976) ("the 'overt act' requirement for general conspiracy charges under 18 U.S.C. § 371 does not apply where a particular type of conspiracy has, as in the case of 21 U.S.C. § 846, been made a specific, substantive offense").  Accordingly, district courts in the Second Circuit have found that an Indictment was proper when the termination of the narcotics conspiracy was alleged to have occurred within five years of the grand jury's return of an indictment.  See, e.g., United States v. Clarke, 05 Cr. 17 (DAB), 2006 WL 3615111, at *2 (S.D.N.Y. Dec. 7, 2006); United States v. Villa, 470 F. Supp. 315, 320 (N.D.N.Y. 1979).  Courts further recognize that the issue of whether there is sufficient evidence to demonstrate that a conspiracy existed within the statute of limitations is an issue for a jury.  See United States v. Martinez, No. S1 94 Cr. 219 (RPP), 1995 WL 10849, at *2 (S.D.N.Y. Jan. 12, 1995) (finding that because grand jury determined that narcotics conspiracy was properly alleged within the relevant statute of limitations, "such an argument by Defendants may not be properly considered prior to trial, and their motion to dismiss the Indictment as untimely under the statute of limitations is denied."); see also United States v. Eppolito, 543 F.3d 25, 52 (2d Cir. 2008) (reversing district court's dismissal of racketeering conspiracy count as barred by statute of limitations and holding that issue was "within the province of the jury to decide as a question of fact.")

**B.   Discussion**

The claim by Defendants Samuel Torres and Nelson Torres that Count One of the Indictment should be dismissed on statute of limitations grounds is without merit.  This precise argument was presented to and rejected by Judge Batts in United States v. Clarke, 2006 WL

3615111, at *2.  Like the defendants in this case, the defendants in <u>Clarke</u>, who were charged in

a narcotics conspiracy, alleged that certain overt acts did not fall within the five-year statute of

limitations.  <u>Id.</u> at *2.  Judge Batts disagreed.  Noting that the Government did not need to prove

or allege overt acts, Judge Batts reasoned that "it is of no consequence that some of the overt acts

alleged in the Indictment may be barred from prosecution by the statute of limitations."  <u>Id.</u> at *2.

Like in <u>Clarke</u>, here the S3 Indictment is within the statute of limitations, because it alleges that a

conspiracy existed from "in or about 2006, up to and including 2012."  (S3 Indictment ¶ 1.)

Because the Government obtained the Indictment within five years of 2012, the earliest that the

alleged conspiracy apparently ended, the Indictment is within the applicable statute of limitations

period, and the defendant's motion to dismiss the Indictment on statute of limitations grounds

should be denied.  <u>Id.</u> at *2; <u>see</u> <u>also</u> <u>United States</u> v. <u>Martinez</u>, 1995 WL 10849, at *2 (denying

defendant's motion to dismiss indictment because grand jury returned an Indictment within

applicable statute of limitations period).

## III.    DEFENDANT PAUL COLON'S MOTION FOR SEVERANCE SHOULD BE DENIED

Defendant Paul Colon's argument in favor of his motion to sever suffers from a

fundamental flaw: the operable Indictment in this case is the S3 Indictment, not the S2

Indictment, which charges Robert Calvente in connection with the murder of Kenya Miller.[3]

Accordingly, at present there is no joinder of the narcotics conspiracy and firearms charges

contained in Counts One and Two of the S3 Indictment and charges in connection with a

homicide.  Accordingly, Colon's motion to sever should be denied.

---

[3]      At the time that the grand jury returned the S2 Indictment, the Government mistakenly believed that
Calvente had been 18 years at the time of the murder of Kenya Miller.  Accordingly, the Government re-presented
this case to a grand jury, which returned the S3 Indictment.

**IV.    DEFENDANT PAUL COLON'S MOTION TO SUPPRESS CERTAIN POST-ARREST STATEMENTS SHOULD BE DENIED WITHOUT A HEARING**

    **A.    <u>Applicable Law</u>**

To introduce a post-arrest statement of the defendant, the Government need only establish by a preponderance of the evidence that the defendant knowingly and voluntarily waived his rights under <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436 (1966).  <u>United States</u> v. <u>Lynch</u>, 92 F.3d 62, 65 (2d Cir. 1996); <u>United States</u> v. <u>Ramirez</u>, 79 F.3d 298, 304 (2d Cir. 1996).  A waiver of <u>Miranda</u> rights is valid if it was the product of a knowing and voluntary choice, that is, that the defendant understood his rights and chose to relinquish them without governmental coercion. <u>See</u> <u>Colorado</u> v. <u>Spring</u>, 479 U.S. 564, 572-75 (1987); <u>Colorado</u> v. <u>Connelly</u>, 479 U.S. 157, 169-70 (1986).

An evidentiary hearing on a motion to suppress is required only if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact" are in question.  <u>United States</u> v. <u>Pena</u>, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation and citations omitted).  "A defendant is not automatically entitled to a suppression hearing. The defendant must show that disputed issues of material fact exist that require an evidentiary hearing." <u>United States</u> v. <u>Jailall</u>, No. 00 Cr. 069 (EWS), 2000 WL 1368055, at *8 (S.D.N.Y. Sept. 20, 2000).

    **B.    <u>Discussion</u>**

Colon has failed to demonstrate that a disputed issue of material fact exists that requires an evidentiary hearing.  In his affidavit, Colon states that when he was arrested, he felt "pressured" by law enforcement agents into answering questions about his case, that the agents "repeatedly promised [him] leniency," and that he was told to sign and initial papers that he did

not want an attorney.  (Colon Aff. ¶¶ 3, 4, 6).  Colon also contends that he was questioned in his girlfriend's apartment and in the car on the way to "headquarters," and that he believed he was under arrest and "was not free to leave."  (Colon Aff. ¶ 7).  It is unclear as to whether Colon is challenging any post-arrest statements made before he was administered <u>Miranda</u> warnings, or whether he is challenging that he did not knowingly and voluntarily waive his <u>Miranda</u> rights when he made statements to law enforcement after signing a written <u>Miranda</u> waiver form.

The Government represents that it does not intend to introduce any statements made by Colon while he was in his girlfriend's apartment (where he was arrested) or while he was being transported from his girlfriend's apartment to the New York Field Office ("NYFO") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Instead, the Government seeks only to introduce statements made by Colon <u>after</u> he was administered <u>Miranda</u> warnings at the NYFO, and <u>after</u> he signed a written <u>Miranda</u> waiver form.

An evidentiary hearing is not warranted because the defendant's affidavit does not raise a material, contested issue of fact with respect to any statements that he made to law enforcement after he was administered <u>Miranda</u> warnings and after he signed a written <u>Miranda</u> waiver form. The defendant does not allege that he was never given <u>Miranda</u> warnings or that he did not understand the written <u>Miranda</u> waiver form, which he signed.  The defendant does not dispute that he made statements to law enforcement officers after he signed the <u>Miranda</u> waiver form. Quite simply, the defendant has not shown a *disputed* issue of material fact that requires a hearing.  <u>United States</u> v. <u>Jailall</u>, 2000 WL 1368055, at *8.  Furthermore, the case law is clear that "a hearing is not required if the defendant's statements are general, conclusory, or based on conjecture."  <u>United States</u> v. <u>Vioscioso</u>, 711 F. Supp. 740, 745 (S.D.N.Y. 1989).  Here, Colon's

13

affidavit – and the memorandum in support of his motion to suppress – does not provide detail sufficient to warrant a hearing.

If this Court were inclined to grant an evidentiary hearing, the Government would establish by a preponderance of the evidence that the defendant was administered <u>Miranda</u> warnings orally, and that the defendant knowingly and voluntarily waived his <u>Miranda</u> rights and, in fact, signed a written <u>Miranda</u> waiver form.  The defendant's argument that he was promised leniency is insufficient to warrant suppression of any post-arrest statement.  <u>See</u> <u>United States</u> v. <u>Gaines</u>, 295 F.3d 293, 299 (2d Cir. 2002) ("vague promises of leniency for cooperation" can be "one factor to be weighed in the overall calculus" of voluntariness but "generally will not, without more, warrant a finding of coercion.")

## V.   DEFENDANT NELSON TORRES'S MOTION TO SUPPRESS STATEMENTS RELATING TO THE KENYA MILLER HOMICIDE SHOULD BE DENIED WITHOUT A HEARING

Nelson Torres seeks to suppress a statement made by him to an NYPD Detective regarding the murder of Kenya Miller, contending that "it appears that the Government intends to introduce the statement at trial to prove one or more of the elements of the offenses charged in the Indictment."   (N. Torres Mem. at 2.)  Nelson Torres contends that the statement should be suppressed because he was "intoxicated" during the "interview" and was not advised of his <u>Miranda</u> rights.  (N. Torres Decl. at ¶¶ 3-7).  As a cursory review of the police report shows, Nelson Torres did not implicate himself in the murder of Kenya Miller, and there is no indication that Nelson Torres was in custody or was being interrogated during the interview.  The Government has advised defense counsel for Nelson Torres that it does not intend to introduce this statement at trial as to Nelson Torres.  "[T]he Fifth Amendment privilege is a personal

privilege." <u>Couch</u> v. <u>United States</u>, 409 U.S. 322, 328 (1973).  "The privilege against self-incrimination is solely for the benefit of the witness, and is purely a personal privilege of the witness." <u>Rogers</u> v. <u>United States</u>, 340 U.S. 367, 371 (1951) (internal quotation marks and citations omitted).  Thus, the privilege protects a person only against being incriminated by his own compelled testimonial communications.  <u>Fisher</u> v. <u>United States</u>, 425 U.S. 391, 409 (1976).  Here, the statement made by Torres does not incriminate himself, and is thus unprotected by the Fifth Amendment.  Accordingly, the defendant does not have standing to move to suppress this statement.  <u>See</u> <u>United States</u> v. <u>Salvucci</u>, 448 U.S. 83, 86-87 (1980); <u>see</u> <u>also</u> <u>Rakas</u> v. <u>Illinois</u>, 439 U.S. 128, 134 (1978).

## **CONCLUSION**

For the foregoing reasons the Court should deny the defense's motions (i) for a bill of particulars; (ii) to dismiss Count One of the S3 Indictment as barred by the statute of limitations; (iii) for severance; (iv) to suppress certain post-arrest statements by Paul Colon; and (v) to suppress certain statements by Nelson Torres relating to a homicide.

Dated: New York, New York
       July 10, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              for the Southern District of New York

                    By:    /S/ Santosh Aravind
                           Ryan Poscablo / Santosh Aravind
                           Assistant United States Attorneys
                           Tel.:  (212) 637-2634 / 1045