UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 12-cr-732 (WHP) |
| | ) | |
| DANIEL DELVALLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

———————————————————————

### REPLY IN FURTHER SUPPORT OF DEFENDANT
### DANIEL DELVALLE'S MOTION FOR A BILL OF PARTICULARS

Defendant Daniel Delvalle ("Mr. Delvalle") hereby files this Reply in Further Support of Defendant Daniel Delvalle's Motion for a Bill of Particulars. Mr. Delvalle filed his Motion for a Bill of Particulars on June 19, 2012. The Government opposed Mr. Delvalle's Motion for a Bill of Particulars as part of its Omnibus Opposition to the Defendants' Pretrial Motions (the "Opposition") on July 10, 2013.

### Argument

A bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure is proper to allow a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). This Court has discretion to order a bill of particulars to allow Mr. Delvalle to adequately prepare to realistically meet the specific charges against him. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). In deciding whether a bill of particulars is warranted, the Court must consider "the totality of the information

available" to each defendant and make the determination "in light of the charges that the defendant is required to answer." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

The Government's Opposition never directly addresses Mr. Delvalle's Motion for a Bill of Particulars, instead claiming more broadly that all defendants in this case have received sufficient notice of the charges against them. The Government relies on the fact that courts in this district have been reluctant to grant a motion for a bill of particulars in many cases where the movant is merely seeking detailed discovery into the Government's evidence. The Court should, however, require a bill of particulars where, as in this case, it is necessary to ensure that the defendant is advised "of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1991) (citation omitted). Based on the limited allegations against Mr. Delvalle here, the Court should exercise its discretion to grant Mr. Delvalle's motion at least to the extent necessary for Mr. Delvalle to adequately prepare his defense and prevent him from suffering any unfair surprise at trial. Despite good faith efforts to independently resolve these issues, the parties have been unable to reach an agreement on a bill of particulars.

As to Count 1 of the Indictment (S3) dated March 12, 2013 (the "Indictment"), charging Mr. Delvalle with conspiracy to possess and distribute narcotics in violation of 21 U.S.C. § 841(a)(1), neither the Indictment nor the discovery to date adequately informs Mr. Delvalle of the Government's theory as to when or how Mr. Delvalle allegedly joined and substantially participated in the charged conspiracy. The Government alleges in the Indictment that Mr. Delvalle committed only two overt acts in furtherance of a broad six-year narcotics conspiracy – the first almost three years after the start of the charged conspiracy and the second act more than three years later. Indictment ¶ 4. The discovery provided by the Government to date does not

2

identify any additional instances in which Mr. Delvalle allegedly possessed or sold narcotics within the scope of the charged conspiracy.

The Government's attempt to distinguish a similar case in this district is unavailing. Gov't Omnibus Opp'n to Defs. Pretrial Mots. 8–9 (citing *United States v. Kortright*, No. 10-cr-937 (KMW), 2011 WL 4406352 (S.D.N.Y. Sept. 13, 2011)). In *Kortright,* the court granted in part the defendant's motion for a bill of particulars to direct the Government specifically to provide "the approximate date and location of any meeting, conversation, or any other sort of activity, at which the Government will contend that Defendant joined the conspiracy." 2011 WL 4406352, at *3. The court looked specifically at the allegations against the moving defendant and granted the motion for a bill of particulars based on its finding that the Government had "provided no information with respect to any conduct *by Defendant*" during the first half of an alleged two-year conspiracy. *Id.* (emphasis added). The Government distinguishes its case here because it "has included overt acts in the Indictment from 2006 to 2012, and provided discovery including numerous NYPD arrest reports, that demonstrates that the defendants conspired together to distribute narcotics – and possessed firearms – throughout the alleged narcotics conspiracy." Gov't Omnibus Opp'n to Defs. Pretrial Mots. 9. However, the Government has similarly failed to allege any overt acts by Mr. Delvalle in the first three years of the charged six-year conspiracy, and the Government's disclosed discovery does nothing to remedy this deficiency. Mr. Delvalle's request for greater specificity on the Government's basis for the narcotics conspiracy charges against him should therefore be granted.

The Court should also grant Mr. Delvalle's Motion for a Bill of Particulars to provide him with sufficient particularity to allow him to prepare a defense to the barebones allegations in Count 2, in which Mr. Delvalle is charged with possession and discharge of a firearm in

3

furtherance of the conspiracy in violation of 18 U.S.C. § 924(c). Indictment ¶ 5. The Government's Opposition, failing to address Mr. Delvalle's argument head-on, contends that the Indictment, the NYPD arrest reports, and other discovery materials provide sufficient detail as to the firearms charges against the defendants generally. Gov't Omnibus Opp'n to Defs. Pretrial Mots. 9. However, these documents do not contain any allegations that Mr. Delvalle personally possessed, used, carried, or discharged a firearm or took any specific actions to aid and abet this conduct by any of his alleged co-conspirators. If the Government intends to prove at trial that Mr. Delvalle is criminally liable for this conduct, Mr. Delvalle needs additional specificity in order to prepare an adequate defense based on the Government's theory of such liability and any specific acts by Mr. Delvalle they intend to prove to support that theory.

## Conclusion

This Court should exercise its discretion to grant Mr. Delvalle's Motion for a Bill of Particulars and require the Government to provide sufficient particularity on the nature of the charges pending against him to effectively prepare his defense and prevent unfair surprise.

Dated: July 19, 2013
New York, New York

Respectfully submitted,

/s/ Lance Croffoot-Suede
Lance R. Croffoot-Suede, Esq.
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

*Attorney for Defendant Daniel Delvalle*