USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

    -against-

ROBERT CALVENTE, et al.,

                     Defendants.
------------------------------------X

S3 12 Cr. 732 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Defendants Daniel Delvalle, Samuel Torres, Nelson Torres, Paul Colon, and Leon Santiago seek a bill of particulars. In addition, Colon and Nelson Torres move to suppress their post-arrest statements and Colon also moves for severance. Finally, Nelson Torres and Samuel Torres seek to dismiss Count One of the S3 Indictment as barred by the statute of limitations. For the following reasons, all of the Defendants' motions are denied.

## DISCUSSION

I. Bill of Particulars

        A bill of particulars can be ordered to allow a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). It is not "an investigative tool." United States v. Johnson, 21 F. Supp. 2d 329, 339 (S.D.N.Y. 1998) (citing United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir. 1974)). Nor is it "a device to give the defense a road map to the Government's case." United States v. Butler, 351 F. Supp. 2d 121, 134 (S.D.N.Y 2004) (citing United States v. Torres, 901 F.2d 205, 234 (2d

Cir. 1990) overruled on other grounds as recognized by United States v. Marcus, 628 F.3d 36, 41 (2d Cir. 2010)). See also United States v. Kushner, 135 F.2d 668, 673-74 (2d Cir. 1943) (denial of a bill of particulars was proper because a defendant is "not entitled to know the Government's case in advance").

Here, Defendants seek an order compelling the Government to produce a bill of particulars for each count in the S3 Indictment. Count One charges Defendants with conspiracy to possess and distribute more than 280 grams of "crack" cocaine and an unspecified quantity of cocaine and Oxycodone in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). Count Two charges them with possessing or aiding and abetting the possession of firearms in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2). Defendants request that the bill of particulars set forth: (1) descriptions of how the Government determined that each Defendant was a member of the narcotics conspiracy, (2) the dates, times, and locations that each defendant possessed firearms or narcotics or distributed narcotics in furtherance of the conspiracy, (3) the names of co-conspirators, (4) a list of any meetings or conversations each Defendant participated in, and (5) the specific acts each Defendant undertook in furtherance of the conspiracy.

When charging conspiracy, the Government is not required to describe every act committed by the conspirators in furtherance of the conspiracy. See United States v. Cohen, 518 F.2d 727, 733 (2d Cir. 1975). And a bill of particulars is not properly ordered to advise a defendant of the "whens," "wheres," and "with whoms" of the charged conspiracy. See United States v. Muyet, 945 F. Supp. 586, 599 (S.D.N.Y. 1996). None of the requests for particularity are necessary for the Defendants to prepare for trial, prevent surprise, or interpose a double

jeopardy claim. Similar requests have been denied by this Court. See United States v. Meregildo, 2012 WL 3834732, at *5 (S.D.N.Y. Aug. 28, 2012); see also United States v. Muhammad, 903 F. Supp. 2d 132, 137 (E.D.N.Y. Nov. 5, 2012) (Spatt, J.) (denying bill of particulars in a narcotics conspiracy case where "the Indictment includes the elements of the offense, the date, general location and nature of the crimes the defendant is alleged to have committed and the allegations against the defendant"); United States v. Miller, 2012 WL 4791992, at * 4 (S.D.N.Y. Oct. 9, 2012) (Crotty, J.) (denying a bill of particulars seeking the identities of co-conspirators and specific detail of the overt acts).

In addition, a bill of particulars is not necessary "where the government has made sufficient disclosures concerning its evidence and witnesses by other means." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). Here, the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts. See United States v. Salazar, 485 F.2d 1272, 1278 (2d Cir. 1973) (providing Jencks Act material four days in advance of trial is "more than adequate" to apprise the Defendants of the essential facts appropriately disclosed in a bill of particulars). Accordingly, Defendants' motion for a bill of particulars is denied.[1]

II. Statute of Limitations

A narcotics conspiracy prosecution is timely if the Government obtains an indictment charging the offense within five years after it was committed. 18 U.S.C. § 3282(a).

---

[1] Defendants also contend that the civil pleading standards articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) should apply here. No court has ever held that this standard applies to criminal cases. See United States v. Vaughn, --- F.3d ----, 2013 WL 3336715, at * 6 (7th Cir. 2013). And this Court declines to be the first.

A conspiracy is a continuing offense and does not end until "its objectives have either been accomplished or abandoned, not when its last overt act was committed." United States v. Grammatikos, 633 F.2d 1013, 1023 (2d Cir. 1980). The Government need not specify any overt acts in a narcotics conspiracy charge. United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975). Because the narcotics conspiracy statute does not require proof of an overt act and "[the] conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has been terminated[,] and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." United States v. Spero, 331 F.3d 547, 60 (2d Cir. 2003).

Samuel Torres and Nelson Torres argue that the S3 Indictment is untimely because it does not allege that they committed any overt acts within the statute of limitations. But a defendant "may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead, [he] must await a Rule 29 proceeding or the jury's verdict." United States v. Gambino, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992). The S3 Indictment is facially valid because it alleges that the narcotics conspiracy continued until "in or about 2012," well within the five-year statute of limitations. At trial, the Government will be required to prove that allegation. Accordingly, their motions to dismiss Count One are denied.

III. Severance

Colon moves to sever the homicide-related charges of his co-defendant Robert Calvente. But those charges are not in the S3 Indictment which is the operative charging instrument for trial. Accordingly, this motion is denied as moot.

IV. Colon's Post-Arrest Statements

Colon moves to suppress his post-arrest statements, contending they were made without a valid waiver of his Fifth Amendment rights as required by Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. An evidentiary hearing "ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact [exist.]" United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation and citations omitted). A defendant must satisfy his initial burden to allege sufficient facts which, if proven, would require granting the motion. See United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969). Mere conclusory allegations generally do not meet that burden. See United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y. Apr. 13, 1989).

In his affidavit, Colon contends that law enforcement officers: (1) "pressured [him] into answering questions about the case;" (2) "repeatedly promised [him] leniency at [his] girlfriend's apartment and in the car when [he] was being driven to their headquarters;" (3) "became frustrated and upset with his responses" at their headquarters; (4) "placed papers in front of [him] that [his] attorney explained [] are written Miranda Rights and a waiver of them;" and (5) "told [him] to sign and initial the papers that [he] did not want an attorney." (Colon Aff., dated June 17, 2013.) Put another way, Colon claims that his statement was involuntary and coerced.

"[A] confession is not involuntary merely because the suspect was promised leniency if he cooperated with law enforcement officials. Certainly, statements to the effect that it would be to a suspect's benefit to cooperate are not improperly coercive. Statements such as these are merely common sense factual observations." United States v. Ruggles, 70 F.3d 262, 265 (2d Cir. 1995) (internal citations and quotation marks omitted); see also States v. Gaines, 295 F.3d 293, 299 (2d Cir. 2002) ("[V]ague promises of leniency for cooperation are just one

factor to be weighed in the overall calculus and generally will not, without more, warrant a finding of coercion."). To raise a contested issue of material fact, Colon must allege how he was pressured and what promises of leniency he received, as well as how those circumstances coerced him to confess. Colon offers none of those specifics. Instead, his affidavit makes "bald assertion[s] that [his] statement was involuntary." United States v. Mathurin, 148 F.3d 68, 69-70 (2d Cir. 1998).

In Mathurin, the Second Circuit reaffirmed that conclusory statements do not require an evidentiary hearing when the grounds for suppression depend "on the characterization of a set of circumstances." 148 F.3d at 69. At the same time, Mathurin held that a conclusory assertion that "Miranda warnings were not given" is sufficient to require a hearing because "although [that assertion] is conclusory, any statement that a specific event did not occur will normally be conclusory." 148 F.3d at 69. Colon offers no detail regarding what occurred between the time he was provided written Miranda warnings, and the time he was told to sign the waiver form. Similarly, he does not assert that the Miranda warnings were never explained orally or that he never read them.

Thus, Colon fails both parts of the Mathurin analysis: he is conclusory where specific factual allegations are required and silent where a conclusory statement would suffice. Accordingly, Colon's motion is denied without an evidentiary hearing.

V. Nelson Torres's Post-Arrest Statements

Nelson Torres moves to suppress his post-arrest statement contending that it was made without a valid waiver of his Fifth Amendment rights. The Government avers that it will not introduce this statement at trial against him. Accordingly, this motion is denied as moot.

## CONCLUSION

For the foregoing reasons, Paul Colon's motion to suppress and for severance is denied; Samuel Torres's and Nelson Torres's motion to dismiss Count One is denied; Nelson Torres's motion to suppress is denied; and all of Defendants' motions for a bill of particulars is denied. The Clerk of Court is directed to close the motions pending at ECF Nos. 49, 58, 62, 65, 66, and 70.

Dated:   July 26, 2013
         New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of record.*