UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 12-cr-732 (WHP) |
| ) | |
| DANIEL DELVALLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DANIEL DELVALLE'S MOTIONS *IN LIMINE***

Defendant Daniel Delvalle ("Mr. Delvalle") respectfully submits these Motions *in Limine* in advance of trial in this matter, with the first of two consecutive trials currently scheduled to begin January 6, 2014. For the reasons described below, the Court should grant Mr. Delvalle's Motions *in Limine* for: (1) an order, pursuant to Federal Rule of Evidence 403, to exclude any and all evidence of uncharged crimes related to the killing of Kenya Miller, and (2) an order requiring the Government to disclose all Brady / Giglio material and 18 U.S.C. § 3500 material no later than December 14, 2013. Mr. Delvalle also joins any and all motions brought by his co-defendants that are applicable to him and reserves his right to supplement his Motions *in Limine* to bring additional motions as deemed necessary.

**Argument**

Motions *in limine* allow a court to make pre-trial rulings on the admissibility of certain forecasted evidence. Luce v. United States, 469 U.S. 39, 41 n. 4 (1984). Although a court may

reserve judgment on a motion *in limine* until trial, it should rule to exclude pre-trial evidence that is clearly inadmissible. See United States v. Paredes, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001).

### I.   Motion to Exclude Evidence of Uncharged Homicide

Pursuant to Federal Rule of Evidence 403, this Court should exclude any and all evidence of uncharged crimes related to the killing of Kenya Miller, whether offered as direct evidence of the charged conspiracy or as 404(b) "other crimes" evidence.[1]   Federal Rule of Evidence 403 codifies this Court's discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Mr. Delvalle and seven co-defendants are charged in the two–count Superseding Indictment (S3) dated March 12, 2013 (the "Indictment") with conspiracy to possess and distribute narcotics, in violation of 21 U.S.C. § 841(a)(1), and possession and discharge of a firearm in furtherance of the charged conspiracy, in violation of 18 U.S.C. § 924(c).  Although this Indictment does not allege any facts or charges relating to the killing of Kenya Miller, in a prior indictment and prior proceedings in this case, the Government's position has been that certain of the defendants charged in the operative conspiracy may have been involved in the death of Kenya Miller and may face related criminal charges.  See Indictment (S2), dated Feb. 14, 2013 (previously charging defendant Robert Calvente with one count of murder under 18

---

[1]   Evidence of uncharged criminal conduct can be relevant and potentially admissible under two doctrines: as direct evidence of the crime charged or as 404(b) "other crimes" evidence.  If "it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." United States v. Pouryan, 2013 WL 1348375, at *1 (S.D.N.Y. Apr. 4, 2013), quoting United States v. Midyett, 603 F.Supp.2d 450, 460 (E.D.N.Y. 2009) (internal quotations omitted).  Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" where the government provides "reasonable notice" in advance of trial. Separately, evidence of uncharged acts may be admissible as direct evidence of a charged conspiracy. United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself.").  Both direct evidence and 404(b) evidence may be excluded under Federal Rule of Evidence 403.

U.S.C. 924(j)(1)).  The Government has also produced certain limited discovery related to Kenya Miller's killing.  <u>See</u> Gov. Omnibus Opp'n to Defs Pretrial Mots, at 4, ECF No. 73 (July 10, 2013); Decl. of Robert Krakow, Esq. in Supp. of Mot. to Suppress Statements of Nelson Torres, ECF No. 67 (June 20, 2013).

The current Indictment does not contain any charges against Mr. Delvalle or any of his alleged co-conspirators that are related to the death of Kenya Miller.  The prejudicial effect of introducing evidence on the killing outweighs any probative value it may have towards proving the charged conspiracy.  In addition, testimony and other evidence related to the death of Kenya Miller, as well as any rebuttal evidence offered by the defendants, would distract the jury and create undue delays.  Furthermore, the Court and the defendants have already relied on the fact that the Government removed any homicide charges from the operative Indictment and represented that it would not introduce evidence of the alleged homicide provided by defendant Nelson Torres.  <u>See</u> Gov. Omnibus Opp'n to Defs Pretrial Mots at 14.

### A.  Evidence of the Uncharged Homicide is Unfairly Prejudicial

Evidence of the Miller killing should be excluded as unfairly prejudicial because it could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997).  The risk that a jury, "uncertain of guilt, []will convict anyway because a bad person deserves punishment, []creates a prejudicial effect that outweighs ordinary relevance." <u>Old Chief</u>, 519 U.S. at 181 (internal citation omitted).  Rule 403's animating purpose is to prevent jurors from deciding guilt on an improper basis, and to assist them in rationally analyzing the facts at hand against the exact elements of the crime charged.  <u>See</u> Advisory Committee Notes, Fed. R. Evid. 403 ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though

not necessarily, an emotional one"); see also Jack B. Weinstein & Margaret A. Berger, 2 Weinstein's Federal Evidence, §403.04[1][b] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) ("Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case"). Therefore, excluding evidence of the Miller killing and related uncharged criminal offenses would assist the jury by focusing its attention on the charges on which Mr. Delvalle has actually been indicted.

Courts in this Circuit regularly exclude evidence of uncharged murders pursuant to Rule 403 where, as here, those killings were more serious than the actual crimes alleged and did not prove an essential element of the charged crime. Second Circuit courts recognize that the admission of uncharged criminal conduct more serious than the charged crime can create a significant risk of unfair prejudice. See United States v. Khan, 591 F. Supp. 2d 202, 206 (E.D.N.Y. 2008) (citing United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000)). Accordingly, they consistently emphasize that "admitting evidence of an uncharged murder raises serious concerns." See United States v. Gotti, 399 F. Supp. 2d 417, 420 (S.D.N.Y. 2005); see also, e.g., United States v. Basciano, No. 03-CR-929, 2006 WL 385325, at *8 (E.D.N.Y. Feb. 17, 2006) ("allegations of murder have a high potential for prejudice").

Because it contains only narcotics and firearms charges, the uncharged killing of Kenya Miller is "more inflammatory than the charged crime[s]" in this Indictment. See United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999). The killing of Kenya Miller is not charged in the Indictment and is, at best, tangential evidence of the specific crimes that are charged in the Indictment. Any limited evidence offered on the alleged homicide is of minimal probative value for the charged narcotics conspiracy and firearms violation, particularly when contrasted with its unfair prejudice. See Basciano, 2006 WL 385325, at *8 ("With little information about the

charges offered by the Government, there is less probative value and a higher chance that the jury may be unfairly prejudiced in violation of Rule 403"). The "logical real effect" of its introduction would merely be to depict Mr. Delvalle as "a man of bad character" instead of proving any elements of the charged crimes. See United States v. Lauresen, No. 98-cr-11234 (WHP), 2000 WL 1677931, at *2-4 (S.D.N.Y. Nov. 8, 2000).

In United States v. Khan, the Eastern District of New York held that evidence of the defendant's alleged responsibility for two murders was inadmissible because its probative value — to demonstrate defendant's leadership role in a narcotics conspiracy — was substantially outweighed by its risk of unfair prejudice. 591 F. Supp. 2d at 206. The Khan defendant, who previously headed a powerful, violent cocaine trafficking organization based out of Guyana and faced a maximum sentence of life imprisonment, was charged in an 18-count indictment with distribution, importation, and possession of cocaine and with engaging as a principal administrator, organizer, and leader of a continuing criminal enterprise. Id. at 205. The government sought to introduce evidence of the defendant's responsibility for two murders for which he had never been charged. Id. Although the court acknowledged that "violence [was] inherent to the charges the defendant face[d]," it still barred evidence regarding defendant's responsibility for those murders, emphasizing the "highly prejudicial" nature of such evidence. Id.

Similarly, in United States v. Gotti, the Southern District of New York excluded evidence of an uncharged murder because its "slight probative value" was "substantially outweighed" by its danger of unfair prejudice. 399 F. Supp. 2d 417, 420-21 (S.D.N.Y. 2005). The defendant, charged with RICO violations based on predicate acts involving multiple murders and attempted murders, sought to exclude "enterprise proof" evidence of another uncharged murder. Id. at 418.

Although the evidence was relevant because "a reasonable juror could infer that the crime was committed to further the goals of the Gambino Family [RICO] enterprise," id. at 419, it had "slight probative value" because there was other, less prejudicial evidence that made the same point, and because the evidence was cumulative.  Id. at 419-20.  Furthermore, because homicides were presented as predicate acts of the charged conspiracy, this evidence's "probative purpose [could not] be separated from its prejudicial effect."  Id. at 420-21.  The unfair prejudice in Gotti was further exacerbated by notice issues: the government first proffered it would seek to prove this murder only seven weeks before trial, and the murder had not been charged in the original indictment, issued over a year earlier.  Id. 420.

Here, the highly prejudicial nature of the uncharged murder substantially outweighs any de minimis probative value regarding the charges at issue in this trial.  Although "the prosecution is entitled to prove its case by evidence of its own choice," this principle is merely intended to allow the prosecution to maintain "the natural sequence of narrative evidence" in its case-in-chief, in order to prevent the jury from being "puzzled at the missing chapters" of a "story interrupted by gaps of abstraction."  Old Chief, 519 U.S. at 186-189.  Here, evidence of this killing is not necessary "to prove an essential element" of the narcotics or firearms allegations here.  United States v. Castro, 411 Fed. App'x 415, 419 (2d Cir. 2011) (quoting United States v. Matera, 289 F.3d 115, 120 (2d Cir. 2007) (admitting evidence of uncharged murder to prove predicate act of homicide as an essential element of underlying RICO crimes charged)).  Nor is it "inextricably intertwined with the evidence regarding the charged offense and admissible to complete the story of the crime on trial."  See United States v. Graziano, 391 Fed. App'x 965, 966 (2d Cir. 2010) (internal citations omitted).  Evidence of a killing, allegedly gang-related, is likely to arouse the passions of the jury.  Therefore, introduction thereof would create a

substantial likelihood that the jury would reach a verdict not on the Indictment's charges, but on these associations.

Furthermore, a limiting instruction in this case would be insufficient to mitigate the unfair prejudice caused by the introduction of evidence related to the killing of Kenya Miller. "The presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." Gotti, 399 F. Supp. 2d at 420, citing United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994); see also Advisory Committee Notes, Fed. R. Evid. 403 ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction"). Because "no limiting instruction could effectively prevent [an] impermissible inference" with regard to a killing that would incite the jury's passions, the court should exclude all evidence of the killing here. Gotti, 399 F. Supp. 2d at 420.

### B. Evidence of the Uncharged Killing Will Waste Time and Risk Confusion

Any evidence regarding the killing of Kenya Miller would have the potential to force a "trial within a trial," creating a significant risk of undue delay and jury confusion. See, e.g., United States v. Aboumoussallem, 726 F.2d 906, 912-13 (2d Cir. 1984). Where, as here, the uncharged killing is not based on a prior conviction, the defendants must defend themselves against the allegations as if this shooting had been charged in the Indictment – particularly because the defendants are operating under the looming threat of future homicide charges, and because the elements of the current 18 U.S.C. § 942(c) firearms charge overlap with those of 18 U.S.C. § 924(j) homicide, with which defendant Calvente was charged in the prior S2 Indictment. Furthermore, to the extent that any cooperator testimony raises new allegations not

provided in discovery, defendants would be required to scramble to respond to these serious charges during the course of trial, creating undue prejudice against the defendants and further delay of the proceedings.

The Government also has failed to provide Mr. Delvalle with clear notice of its intention to address the Miller killing at trial and the related evidence it would seek to introduce. Cases in the Southern District of New York have found uncharged murder evidence unduly prejudicial where the government failed to charge the murder in the operative indictment, and the defendant received only seven weeks' notice that the Government did, indeed, intend to raise the uncharged murder at trial. See Gotti, 399 F. Supp. 2d at 420. On an earlier pretrial motion, the Government previously represented that it would not seek to introduce a statement by defendant Nelson Torres on the alleged Miller killing at trial. See United States v. Calvente, 2013 WL 4038952, at *3 (S.D.N.Y. July 26, 2013). The Court relied on this statement to deny the motion as moot. Id.

While any allegations of an uncharged murder are inherently prejudicial, the killing of Kenya Miller is far more serious than the narcotics and firearms charges in the operative Indictment and is not an essential element of these charges. Furthermore, allowing the Government to introduce evidence of this killing would likely lead to an extended trial within a trial on the uncharged criminal offenses, confusing the jury and wasting the Court's time. The risks of undue delay and prejudice are particularly significant because the Government has not provided sufficient notice of its intent to introduce evidence on this issue or what that evidence would entail. Accordingly, this Court, pursuant to Federal Rule of Evidence 403, should exclude any and all evidence of uncharged crimes related to the killing of Kenya Miller.

## II.    Disclosure of Brady, Giglio, and § 3500 Material

In opposing the defendants' Motion for a Bill of Particulars, the Government argued that "much of the evidence at trial will come from witnesses who will testify that the defendants conspired with each other to sell crack cocaine, cocaine and Oxycodone, and that the defendants kept and discharged firearms in connection with their narcotics trafficking activities." Gov. Omnibus Opp'n to Defs Pretrial Mots at 8. Although their identities have not yet been disclosed, the testifying cooperating witnesses are likely to be vital to the Government's case. The Government is likely to have extensive and substantial disclosures to make pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. In addition, these cooperating witnesses are likely to have made statements about matters otherwise documented in the discovery provided to date in this case charged as a broad six-year conspiracy.

To effectively prepare for trial, counsel must have adequate time, in the context of the voluminous discovery, to review these witnesses' prior statements. Because the Government failed to provide a Bill of Particulars, if this testimony will implicate uncharged acts that are not reflected in the Rule 16 discovery provided to date, Mr. Delvalle should be granted the opportunity to review this material to sufficiently prepare a defense before trial. Defendants will require time to review this material and prepare any relevant defenses, particularly if the Court defers decision on the current motion to exclude any evidence of the killing of Kenya Miller and the Government intends to seek to introduce cooperator testimony on this issue. Moreover, recognizing that the first trial in this case is scheduled to start on January 6, 2014, the Court should allow extra time to account for the holidays.

Therefore, the Court should order the Government to disclose all Brady / Giglio material and 18 U.S.C. § 3500 material by December 14, 2013 to allow counsel three weeks to prepare for trial. This amount of time is necessary in order for the trials to proceed as scheduled, without delay, while still allowing for effective preparation by counsel and review of this critically important material.

### III. Motions of Co-Defendants and Additional Motions

Mr. Delvalle joins any and all motions *in limine* brought by his co-defendants that are applicable to him. He further reserves his right to bring additional applications in reply to the Government's response to his motions and any additional motions that he joins. Finally, Mr. Delvalle reserves his right to supplement his Motions *in Limine* and to bring additional motions as deemed necessary.

### Conclusion

For the foregoing reasons, this Court should grant each of Mr. Delvalle's Motions *in Limine*, which seek (1) an order, pursuant to Federal Rule of Evidence 403, to exclude any and all evidence of uncharged crimes related to the killing of Kenya Miller, and (2) an order requiring the Government to disclose all Brady / Giglio material and 18 U.S.C. § 3500 material no later than December 14, 2013. Mr. Delvalle also joins any and all motions brought by his co-defendants that are applicable to him and reserves his right to supplement his Motions *in Limine* to bring additional motions as deemed necessary.

Dated: November 1, 2013
     New York, New York

                                              Respectfully submitted,

                                              <u>/s/ Lance Croffoot-Suede</u>
                                              Lance R. Croffoot-Suede, Esq.
                                              Linklaters LLP
                                              1345 Avenue of the Americas
                                              New York, NY 10105
                                              (212) 903-9000
                                              (212) 903-9100 (fax)

                                              *Attorney for Defendant Daniel Delvalle*