UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
UNITED STATES OF AMERICA
                                                             :
            - v. -
                                                             :     S3 12 Cr. 732 (WHP)
DANIEL DELVALLE, et al.,
                                                             :
                        Defendants.
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S RESPONSE TO
## DEFENDANT DANIEL DELVALLE'S MOTIONS *IN LIMINE*

The Government respectfully submits this response to defendant Daniel Delvalle's motions *in limine*. The defendant is charged in a two-count indictment with: (1) participating in a conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846, (2) using and carrying a firearm, possessing, and discharging, and aiding and abetting the use, carrying, possessing and discharging of semi-automatic pistols and other firearms, during and in relation to the offense charged in Count One, in violation of 18 U.S.C. § 924 (c) (1) (A) (iii) and (2).

In his motion *in limine*, Delvalle seeks: (1) an order, pursuant to Federal Rule of Evidence 403, to exclude any and all evidence of uncharged crimes related to the killing of Kenya Miller, and (2) an order requiring the Government to disclose all Brady/Giglio material and 18 U.S.C. § 3500 material no later than December 14, 2013.

## ARGUMENT

First, the Government does not intend to introduce any evidence regarding the defendant's role in the murder of Kenya Miller. Should the defendant cross-examine any witnesses concerning that murder, or present any evidence concerning that murder, the Government respectfully reserves the right to elicit a complete narrative concerning that incident, including the roles of all

individuals involved in that murder. Accordingly, the Government respectfully requests that the Court deny this motion as moot.

Second, Delvalle seeks an order directing the Government to make early disclosure of Brady, Giglio, and rule 3500 material. The Government recognizes its obligations under United States v. Brady, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding the defendant, but will provide timely disclosure if any such material comes to light. Furthermore, the Government is aware of its obligations under Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, and will provide Giglio material in a timely manner prior to trial.

As a threshold matter, the Government has not yet identified which witnesses it intends to call at trial. Courts in this Circuit have repeatedly refused to compel disclosure of impeachment or Giglio material well in advance of trial. In United States v. Coppa, the Second Circuit held that the Government is not required to produce Giglio material until it produces "3500 material" pursuant to the Jencks Act, so long as the Government provides the Giglio material in time for its effective use at trial. 267 F.3d at 145-46; see also United States v. Nixon, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United States v. Greyling, 00 Cr. 631 (RCC), 2002 WL 424655, at *2 (S.D.N.Y. Mar. 18, 2002) (production of Giglio material by the Wednesday before the week in which a witness will testify is appropriate); United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) (denying defendants' motions to require the early production of Giglio and 3500 material based on Government's representations that it would provide the information sufficiently in advance of each witness's testimony to allow adequate time to prepare for cross-examination); United States v. Mejia, No. 98 Cr. 4, 1998 WL 456257, at *1 (S.D.N.Y. Aug. 5, 1998) (denying defendant's motion to compel all impeachment material under

Giglio based on the Government's representations that it would make such information available at the time that it provides 3500 material).

In addition to their request for Brady and Giglio material, the defendant also requests the early disclosure of 3500 material. Title 18 United States Code, Section 3500 does not require the production of witness statements until after that witness testifies. The Government intends, however, to adhere to its customary practice of producing the 3500 material on or before the Friday before the first day of trial (assuming trial begins on a Monday). This practice will allow defense counsel adequate time to prepare for cross-examination of Government witnesses as they come up at trial.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court deny the defendant's motions *in limine*.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/  Ryan P. Poscablo
Ryan P. Poscablo/Santosh Aravind
Assistant United States Attorneys
Tel.: (212) 637-2634/2411

cc: Counsel of record, (By ECF and Email)

**Certificate of Service**                                                                 **Filed Electronically**

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he/she served or caused to be served the following document(s) in the manner indicated:

**Government's Response to Defendant's Motions *in Limine***

Service via Clerk's Notice of Electronic Filing upon the following attorneys, who are Filing Users in this case:

> Counsel of record

Service via e-mail upon the following attorneys who are not Filing Users in this case and who have previously given their written consent to service via e-mail:

N/A

Service via overnight courier; U.S. Mail; etc. upon the following attorneys who are not Filing Users in this case

N/A

Dated: New York, New York
       November 8, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

                         By:  /s/  Ryan P. Poscablo
                              Ryan P. Poscablo
                              Assistant United States Attorney
                              Tel.: (212) 637-2634