Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line (+1) 212 903 9261
lance.croffoot-suede@linklaters.com

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**By ECF**                                                                 May 7, 2014

### United States v. Delvalle, No. 12-cr-00732 (WHP)

Dear Judge Pauley,

We represent Daniel Delvalle in the above-referenced case, currently scheduled for sentencing on June 4, 2014. We write to respectfully request that the Court adjourn sentencing in this matter to allow additional time to assess the potential outcome of certain legislative initiatives that would reduce the Guidelines offense level for defendants similarly situated to Mr. Delvalle and reduce the applicable mandatory minimum for Mr. Delvalle. The Government has indicated that it does not consent to the requested adjournment.

On November 26, 2013, Mr. Delvalle pleaded guilty before this Court to one count of conspiring to distribute and possess with the intent to distribute 280 grams or more of "crack" cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Pursuant to a plea agreement with the Government, Mr. Delvalle stipulated to an offense level of 31 with a corresponding Guidelines range of 121 to 151 months. Subsequently, on April 10, 2014, the U.S. Sentencing Commission voted to approve amendments (subject to Congressional ratification) to reduce base offense levels across the Drug Quantity Table by two levels so that a defendant similarly situated to Mr. Delvalle would face an offense level of 29 after the amendments take effect, with a significantly lower Guidelines range of 97 to 121 months. Additionally, while Mr. Delvalle's offense currently carries a ten-year mandatory minimum, legislation known as the Smarter Sentencing Act, currently pending before Congress, would reduce the applicable mandatory minimum to five years.

Both of these federal sentencing law amendments are gaining momentum with bipartisan support in Congress, as well as the public endorsements of the U.S. Sentencing Commission and the Department of Justice through Attorney General Eric Holder. An adjournment of four to six months to better assess the progress of these legislative developments would be consistent with the case management practices of this District and would not prejudice the parties here.

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Supreme Court of England and Wales, members of the New York Bar and foreign legal consultants in New York. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

Effect of Amendments to the U.S. Sentencing Guidelines

On April 10, 2014, the U.S. Sentencing Commission unanimously voted to reduce the Sentencing Guideline levels applicable to most federal drug trafficking offenders by amending the Guidelines to lower the base offense levels in the Drug Quantity Table across drug types.[1] In particular, the Drug Quantity Table amendment would generally reduce by two levels the base offense levels for all drug types in the Drug Quantity Table in Guideline § 2D1.1, which governs drug trafficking cases, and ensure the Guideline penalties remain consistent with existing five- and ten-year statutory mandatory minimum drug penalties.[2] The amendment was submitted to Congress on April 30, 2014 and will come into effect on November 1, 2014 if Congress does not act to disapprove it. This unanimous approval reflects a careful, considered determination that the reduction in base offense levels is consistent with public safety concerns and appropriate to reduce the serious problem of prison overcrowding. The Sentencing Commission currently is preparing a study of the impact of making the drug amendment retroactive; however, as currently drafted, the Drug Quantity Table amendment would not have retroactive effect.

For a defendant similarly situated to Mr. Delvalle who is convicted of or pleads guilty to an offense involving at least 280 grams but less than 840 grams of cocaine base, under § 2D1.1(c)(4), the proposed amendment would reduce the base offense level from 32 to 30 under the Guidelines. Mr. Delvalle's stipulated Guidelines range here includes a two-level enhancement under § 2D1.1(b)(1) and anticipates a three-level reduction under § 3E1.1. Accordingly, at Criminal History Category II, the offense level for a similarly situated defendant under the approved Guidelines amendment would be 29 (97 to 121 months) rather than the 31 (121 to 151 months) that Mr. Delvalle currently faces.

The plea agreement expressly provides that either party may seek a sentence outside the stipulated Guidelines range based on the Court's consideration of factors identified in 18 U.S.C. § 3553(a).[3] Moreover, the Attorney General has vocally supported the amendments to the Drug Quantity Tables and has announced a policy of not objecting to applications for variances based on the proposed amendments to the Sentencing Guidelines pending their adoption and formal enactment by Congress.[4] However, in this case, the Government has indicated that it will nonetheless oppose such

---

[1] Press Release, U.S. Sentencing Commission, U.S. Sentencing Commission Votes to Reduce Drug Trafficking Sentences (Apr. 10, 2014), available at http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20140410_Press_Release.pdf (attached as Exhibit A).

[2] See U.S. Sentencing Commission, Amendments to the Sentencing Guidelines (Apr. 30, 2014), available at www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140430_RF_Amendments.pdf (attached as Exhibit B).

[3] See, e.g., 18 U.S.C. § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); 18 U.S.C. § 3553(a)(4)(A) ("the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission [...] subject to any amendments made to such guidelines by act of Congress [...]); and (ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced").

[4] Press Release, U.S. Dep't of Justice, Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Traffickers (Mar. 13, 2014) ("[T]he Justice Department will direct prosecutors not to object if defendants in court seek to have the newly proposed guidelines applied to them during sentencing."), available at http://www.justice.gov/opa/pr/2014/March/14-ag-263.html (Attached as Exhibit C). See also Press Release, U.S. Dep't of Justice, Statement by Attorney General Holder on Sentencing Commission's Vote to Approve Reductions in Sentencing Guidelines for Nonviolent Drug Offenders (Apr. 10, 2014) ("This action by the U.S. Sentencing Commission represents a milestone in our effort to reshape the criminal justice system's approach to dealing with drug offenders."), available at http://www.justice.gov/opa/pr/2014/April/14-ag-373.html (attached as Exhibit D).

a variance pending Congressional approval of the amendments in any case where the offense involves an aggravating factor, such as a firearms enhancement, and that it consequently will not consent to the application of a variance here. As drafted, however, the Drug Quantity Table amendment's two-point reduction contains no limitation for so-called "aggravating factors," and we have seen no indication that such a limitation would be included once the drug amendment is enacted. Rather, the amendment would apply across the board, including to Mr. Delvalle's case.

Effect of Proposed Legislation Under the Smarter Sentencing Act

Additionally, while Mr. Delvalle currently faces a statutory mandatory minimum of ten years, Section 4(a)(1) of the Smarter Sentencing Act, bipartisan legislation currently pending before Congress, would amend 21 U.S.C. § 841(b)(1)(A) to reduce the applicable mandatory minimum here to five years.[5] Similar to the amendments to the Sentencing Guidelines, the reduction in the mandatory minimum is not limited by any terms that would render it inapplicable to Mr. Delvalle. As currently drafted, this amendment would not apply retroactively after Mr. Delvalle is sentenced. However, the mandatory minimum set out in the Smarter Sentencing Act likely would apply to Mr. Delvalle's case if enacted prior to his sentencing. For example, the Supreme Court recently found that the lower mandatory minimum in the Fair Sentencing Act of 2010 applied at the time of sentencing even if the underlying offense was committed prior to its enactment.[6]

Despite the inherent uncertainties associated with any pending legislation, recent developments suggest that there is a significant likelihood this legislation may be passed in the relatively near future. In particular, the Smarter Sentencing Act was reported to the Senate by the Senate Judiciary Committee on January 30, 2014 and placed on the Senate Legislative Calendar on March 11, 2014 for a full vote of the Senate. This bill has bipartisan support and is co-sponsored by Democratic Senator Dick Durbin (Illinois) and Republican Senator Mike Lee (Utah). The same version of the bill is also pending in the House of Representatives and is currently referred to the House Committee on Crime, Terrorism, Homeland Security, and Investigations.[7] If reported by the House Committee, it will similarly be sent to the House floor for a full vote. Notably, the legislation has the backing of the Department of Justice with the vocal support of Attorney General Eric Holder.[8] This legislation reflects a growing

---

[5] Smarter Sentencing Act of 2014, S. 1410, 113th Cong. (2014) (attached as Exhibit E). Section 5 of the Smarter Sentencing Act would also direct the U.S. Sentencing Commission to "review and amend, if appropriate, its guidelines and its policy statements" and to promulgate amendments within 120 days.

[6] See Dorsey v. United States, 132 S. Ct. 2321, 2332 (2012) (finding as one factor in its analysis that "Congress intended to follow the Sentencing Reform Act background principle" that the penalty in effect at the time of sentencing should apply because it similarly directed the US Sentencing Commission to amend the Guidelines consistent with the mandatory minimum in the Fair Sentencing Act).

[7] Smarter Sentencing Act of 2013, H.R. 3382, 113th Cong. (2014).

[8] Press Release, U.S. Dep't of Justice, Statement by Attorney General Holder on Sentencing Commission's Vote to Approve Reductions in Sentencing Guidelines for Nonviolent Drug Offenders (Apr. 10, 2014) ("It is now time for Congress to pick up the baton and advance legislation that would take further steps to reduce our overburdened prison system. Proposals like the bipartisan Smarter Sentencing Act would enhance the fairness of our criminal justice system while empowering law enforcement to focus limited resources on the most serious threats to public safety. I look forward to continuing to work with lawmakers on both sides of the aisle on these types of common-sense reforms."), available at http://www.justice.gov/opa/pr/2014/April/14-ag-373.html. See also Press Release, U.S. Dep't of Justice, Attorney General Eric Holder Urges Congress to Pass Bipartisan 'Smarter Sentencing Act' to Reform Mandatory Minimum Sentences (Jan. 23, 2014) ("These reforms have the potential to help make our criminal justice system not only fairer, but also — by reducing the burden on our overcrowded prison system — more efficient."), available at http://www.justice.gov/opa/pr/2014/January/14-ag-068.html (attached as Exhibit F).

bipartisan recognition that the current mandatory minimums and Sentencing Guidelines are greater than necessary to serve the ends of justice and the sentencing factors under 18 U.S.C. § 3553(a).

Adjournment Pending Further Legislative Developments is Appropriate

Courts in this District have granted similar adjournments in response to requests to delay sentencing pending legislative developments in the Sentencing Guidelines and the Smarter Sentencing Act. Whether or not a defendant has a clearly established right to delay sentencing pending such developments, the Court certainly has the discretion to adjourn the case, as other Courts in this District have done.

In *United States v. Medina*, for example, Judge Batts adjourned sentencing pending further developments until January 2015 because the Smarter Sentencing Act may reduce the defendant's applicable five-year mandatory minimum.[9] Other Courts in this District have granted similar but more limited adjournments where these legislative developments could have a direct impact on sentencing. In *United States v. Thomas*, for example, Judge Karas recently adjourned sentencing of the defendant for almost four months to July 28, pending developments in the Smarter Sentencing Act that could impact the defendant's mandatory minimum.[10] Judge Karas has also held in abeyance for at least five months the judgments of two related co-defendants who were sentenced before the Senate Judiciary Committee referred the Smart Sentencing Act to the floor of the Senate.[11] Other Courts in this District similarly have granted a range of adjournments pending further legislative developments.[12]

Moreover, an adjournment would be in the interest of justice and is necessary to avoid serious prejudice to Mr. Delvalle's case. In this case in particular, in light of the Government's refusal to support the Attorney General's announced variance policy for Mr. Delvalle, adjourning Mr. Delvalle's sentencing to track further developments would prevent undue prejudice to Mr. Delvalle. Further, the adjournment would not pose any danger to society or unduly prejudice the Government since Mr. Delvalle remains in custody at the MDC in Brooklyn. If the adjournment is granted and the Smarter Sentencing Act is passed, reducing the applicable mandatory minimum to five years, the Government maintains the right to argue for the imposition of a sentence above the level of the mandatory minimum and within the applicable Guidelines range.

Mr. Delvalle recognizes that this request would delay his sentencing pending this adjournment and, consequently, his relocation to a federal prison to serve the duration of his sentence. However, given the potentially significant impact on the sentencing factors and mandatory minimum applicable to his case, Mr. Delvalle believes that the potential advantages would substantially outweigh any detriment he may face in a delayed resolution of his case. Moreover, having already been detained in the MDC

---

[9] *United States v. Medina*, 09-cr-00983 (DAB) (S.D.N.Y. Feb. 18, 2014) (oral order) (transcript attached at Exhibit G). Although Judge Batts recently denied a similar application by Medina's co-defendant Jaired Jones, the Court found that the cases were based on "significantly distinguishable postures" where the defendant's Guidelines range was significantly above the current ten-year mandatory minimum. *United States v. Medina*, 09-cr-00983 (DAB) (S.D.N.Y. Apr. 28, 2014).

[10] *United States v. Thomas*, 11-cr-00630 (KMK) (S.D.N.Y. Apr. 2, 2014).

[11] *United States v. Thomas*, 11-cr-00630 (KMK) (S.D.N.Y. Feb. 12, 2014 & Mar. 11, 2014).

[12] *See, e.g., United States v. Guzman*, 13-cr-00242, S.D.N.Y. (Mar. 14, 2014) (adjourning sentencing for three months to July 7, 2014); *United States v. Arteaga*, 12-cr-00859 (VM) (S.D.N.Y. Feb. 26, 2014) (adjourning sentence for two months to May 2, 2014); *United States v. Tinghman*, 11-cr-01040 (SHS) (S.D.N.Y. Feb. 27, 2014) (adjourning sentencing for two and a half months to May 15, 2014). *But see United States v. Moye*, 12-cr-00862 (AJN) (S.D.N.Y. Feb. 18, 2014) (denying request for adjournment); *United States v. Palmer*, 12-cr-00712 (SHS) (S.D.N.Y. Feb. 24, 2014) (same); *United States v. Nunez*, 13-cr-00167 (RJS) (S.D.N.Y. Feb. 27, 2014) (same); *United States v. Melvin*, 10-cr-00391 (CM) (S.D.N.Y. Feb. 24, 2014) (same).

for more than twenty months, Mr. Delvalle does not object to a delay of a few more months to better assess these developments.

Accordingly, Mr. Delvalle respectfully requests that the Court adjourn the sentencing date currently set for June 4, 2014 and set a status hearing in four to six months to better assess the progress of these legislative developments.

Respectfully submitted,

Lance Croffoot-Suede
Partner

cc: AUSA Santosh Aravind (by email and ECF)
    AUSA Ryan Poscablo (by email and ECF)